**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

DIDIER RAUL VASQUEZ CHAVEZ,

Petitioner,

v. No. 2:26-cv-02635-MLG-KRS

Warden of Otero County Detention Facility; MARY DE ANDA-YBARRA, in her official capacity as Field Office Director of Enforcement and Removal Operations, El Paso Field Office, United States Immigration and Customs Enforcement; DAVID VENTURELLA, in his official capacity as Acting Director of United States Immigration and Customs Enforcement; MARKWAYNE MULLIN, in his official capacity as Secretary of United States Department of Homeland Security; and TODD BLANCHE, in his official capacity as Acting Attorney General of the United States,

Respondents.

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

This matter is before the Court on pro se Petitioner Didier Raul Vasquez Chavez's Petition for Writ of Habeas Corpus ("Petition"). Doc. 1.[1] Vasquez Chavez, a Cuban national, entered the United States without inspection in 2005, received a final order of removal in November 2019, and began his current period of immigration detention in early March 2026. Doc. 1 at 4; Doc. 7 at 2.

[1] Vasquez Chavez filed two petitions for writ of habeas corpus before the Court: 2:26-cv-02249-MLG-KRS and 2:26-cv-02635-MLG-KRS. Because the pleadings in 2:26-cv-02249-MLG-KRS contain the necessary factual background, the record citations in this Order can be found in that docket.

The Court recently held a hearing to consider the Petition. Doc. 9. As discussed there, Vasquez Chavez has an extensive criminal history, including eight convictions, with his most recent arrest in February 2026. Doc. 7-1 at 3. His two drug-related convictions make him inadmissible under Section 1182 and bring his extended detention within the explicit authorization of Section 1231. Doc. 7-1 at 3; 8 U.S.C. 1231(a)(6); 8 U.S.C. 1182(a)(2).

Given this background, the Court finds that there are sufficient grounds to justify continuing Vasquez Chavez's detention. Although the period of Vasquez Chavez's time in custody has slightly exceeded the presumptively reasonable six-month period, the Court exercises its discretion to extend the detention period, as it is necessary to promote community safety.[2] U.S.C. § 1231(a)(6); *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001) ("This 6-month presumption, of course, does not mean that every [noncitizen][3] not removed must be released after six months."). The Court finds that such circumstances apply here.

The Court, having considered the Petition, having held a hearing on September 30, 2026, and being otherwise fully informed, denies the Petition for the reasons stated on the record at the hearing.

It is so ordered.

UNITED STATES DISTRICT JUDGE
MATTHEW L. GARCIA

[2] Section 1231 provides that "[a noncitizen] ordered removed who is inadmissible under section 1182… or who has been determined by the Attorney General to be a risk to the community…may be detained beyond the removal period." 8 U.S.C. § 1231(a)(6). "Any [noncitizen] convicted of…a violation of…any law or regulation of a State, the United States, or a foreign country relating to a controlled substance…is inadmissible" under section 1182. 8 U.S.C. § 1182(a)(2).

[3] "This [order] uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020); *see generally* 8 U.S.C. § 1101(a)(3) ("The term 'alien' means any person not a citizen or national of the United States.").